IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| BRETT C. KIMBERLIN | : | |
| | : | |
| v. | : | Civil Action No. DKC 24-2323 |
| | : | |
| UNITED STATES DEPARTMENT OF JUSTICE, et al. | : | |

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this constitutional tort case are the "motions for reconsideration and discovery on the issue of vindictiveness" filed by Plaintiff Brett Kimberlin ("Plaintiff"), (ECF No. 40), and the motion for a conflict-of-interest hearing filed by Plaintiff, (ECF No. 45). The issues have been briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, the motion for reconsideration will be denied, the motion for discovery will be denied as moot, and the motion for a conflict-of-interest hearing will be denied.

**I.   Background**

The relevant factual background in this case is set out in a prior opinion. (ECF No. 38). Through his October 15, 2025, filing, Plaintiff seeks reconsideration of this court's September 25, 2025, order "dismissing this case with and without prejudice, and denying a discovery hearing." (ECF No. 40, at 1). Defendants

filed an opposition on October 27, (ECF No. 41)[1], and Plaintiff did not file a reply.

Plaintiff filed a motion for a conflict-of-interest hearing on November 14, 2025, (ECF No. 45), which Defendants opposed on November 26, 2025, (ECF No. 46).  Plaintiff filed a reply on December 8, 2025.  (ECF No. 48).

Plaintiff also filed a series of supplements in support of his motion for a conflict-of-interest hearing, with the first filed on December 1, 2025, (ECF No. 47).  Defendants responded to that supplement on December 16, 2025, (ECF No. 49), and Plaintiff replied on December 31, 2025, (ECF No. 50).  Plaintiff then filed two notices of additional authority on January 12, 2026, (ECF No. 51), and January 29, 2026, (ECF No. 52), and correspondence on March 5, 2026, (ECF No. 53).  Defendants did not respond to the final three filings.

## II.  Standard of Review

Federal Rule of Civil Procedure 59(e) governs motions to alter or amend a judgment after its entry.[2]  "Reconsideration is an 'extraordinary remedy,' to be used 'sparingly,' available on only

---

[1] Due to a technical problem, Defendants filed two identical copies of their opposition.  (*See* ECF Nos. 41, 42).  The court will refer to ECF No. 41 for ease of reference.

[2] Plaintiff does not ground his motion in a particular rule, but Defendants identify both Fed.R.Civ.P 59(e) and Fed.R.Civ.P. 60 as possibilities.  (ECF No. 41, at 2).  Plaintiff filed his motion

three grounds: 1) an intervening change in controlling law; 2) previously unavailable evidence; or 3) to correct a clear error of law or prevent manifest injustice." *JTH Tax, Inc. v. Aime*, 984 F.3d 284, 290 (4th Cir. 2021) (quoting and citing *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)). "A prior decision does not qualify for this third exception by being 'just maybe or probably wrong; it must . . . strike us as wrong with the force of a five-week-old, unrefrigerated dead fish.'" *TFWS, Inc. v. Franchot*, 572 F.3d 186, 194 (4th Cir. 2009) (quoting *Bellsouth Telesensor v. Info. Sys. & Networks Corp.*, Nos. 92-2355, 92-2437, 1995 WL 520978, at *5 n.6 (4th Cir. 1995)). A Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Pac. Ins. Co.*, 148 F.3d at 403 (internal quotation marks omitted) (quoting 11 Wright & Miller's Federal Practice & Procedure § 2810.1 (2d ed. 1995)). Where a party presents newly discovered evidence in support of its Rule 59(e)

---

20 days after the court's September 25, 2025, order. (ECF No. 40). Because Plaintiff filed his motion within 28 days of the order, the court will construe his motion as being under Fed.R.Civ.P. 59(e). *See Clinton v. Mazda Financial Services*, No. 25-cv-1090-BAH, 2026 WL 1256281, at *2 (D.Md. May 7, 2026) ("As the Motion was brought within 28 days of judgment, the Court will construe the Motion as brought under Rule 59(e)."); *Robinson v. Wix Filtration Corp.*, 599 F.3d 403, 412 (4th Cir. 2010) (construing a motion for reconsideration as under Fed.R.Civ.P. 59(e) when brought within the Rule's deadline).

motion, it "must produce a 'legitimate justification for not presenting' the evidence during the earlier proceeding." *Id*. (quoting *Small v. Hunt*, 98 F.3d 789, 798 (4th Cir. 1996)).

## III. Analysis

Plaintiff presents three bases for reconsideration: (1) courts have ruled against the Department of Justice in other cases, finding that prosecutions were politically-motivated, and this court should do the same here; (2) the civil judgment that prompted the revocation of Plaintiff's parole was "void"; and (3) the court's opinion conflicts with *Farmer v. Brennan*, 511 U.S. 825 (1994) and *Riddick v. Barber*, 109 F.4th 639 (4th Cir. 2024). Despite his acknowledgement that this court "dismissed this case, not on the merits, but rather on the immunity of the federal defendants," (ECF No. 40, at 1), Plaintiff seeks to relitigate the merits of his case using arguments that were previously raised or available. These arguments do not justify reconsideration. His request for a hearing about a potential conflict-of-interest is similarly ineffective.

### A.   Motion for Reconsideration

Plaintiff does not provide new evidence or argue an intervening change in controlling law. Rather, he appears to argue that reconsideration is necessary to correct a clear error of law or prevent manifest injustice. Because all of his arguments seek

4

to relitigate old matters or belatedly raise arguments that could have been raised previously, none are compelling. *See Pac. Ins. Co.*, 148 F.3d at 403.

Plaintiff first argues that the court should, in effect, presume bad faith on the part of the government and allow his case to proceed. According to Plaintiff, recent examples of courts in different cases finding that prosecutions were improperly politically motivated mean the revocation of his parole was part of a concerted effort to harm him. (ECF No. 40, at 6). Plaintiff raised similar arguments during the motion to dismiss briefing, (*see, e.g,* ECF No. 28, at 2, 4), which the court rejected. Plaintiff cannot relitigate the matter through this motion. *Hutchinson v. Staton*, 994 F.2d 1076, 1082 (4th Cir. 1993) ("[M]ere disagreement does not support a Rule 59(e) motion."). Reconsideration is not warranted on this ground.

Plaintiff next argues that the revocation of his parole was based on a "void" judgment, which invalidates the Defendants' actions.[3] (ECF No. 40, at 6-10). Plaintiff made the same argument in his earlier briefing at the motion to dismiss stage. (ECF No. 28, at 19-20). The court considered and rejected Plaintiff's

---

[3] As mentioned in the earlier opinion, the judgment against Plaintiff that ultimately led to the revocation of his parole has been approved by the Indiana Supreme Court. (ECF No. 38, at 21 n.6).

assessment of the impact of his earlier judgment on the actions of Defendants, and he cannot relitigate the matter now.

Finally, Plaintiff states that the court's decision conflicts with *Farmer v. Brennan*, 511 U.S. 825 (1994) and *Riddick v. Barber*, 109 F.4th 639 (4th Cir. 2024).  Plaintiff does not provide any reason he could not have raised this argument in his earlier briefing on the motion to dismiss, making reconsideration inappropriate.  While Plaintiff did not previously raise *Farmer*, this court pointed to the Fourth Circuit's discussion of *Farmer* in its earlier opinion.  (ECF No. 38, at 22).  As this court and the Fourth Circuit previously acknowledged, the Supreme Court of the United States has not listed *Farmer* as one of its *Bivens* cases, which counsels in favor of the court's decision not to extend the remedy here.  *(See id.); see also Bulger v. Hurwitz*, 62 F.4th 127, 138-39 (4th Cir. 2023).  *Riddick*, a case involving an action brought against state officials under 42 U.S.C. § 1983, is inapposite. *Riddick*, 109 F.4th at 644.  Plaintiff has not raised any compelling grounds for reconsidering the court's decision under Fed.R.Civ.P. 59(e).

   **B.   Request for Discovery**

Plaintiff begins and ends his motion for reconsideration with a request for discovery.  (ECF No. 40, at 1, 13).  Because the court will deny the motion for reconsideration, the case will not

6

be reopened, making discovery inappropriate.  The motion for discovery is denied as moot.

### C.   Motion for a Conflict-of-Interest Hearing

Plaintiff filed a motion requesting a conflict-of-interest hearing after learning that former Assistant United States Attorney Evelyn Cusson, who previously represented the Defendants, clerked for Defendant Lynne Battaglia earlier in her career.  (ECF No. 45, at 1-2).  A hearing is unnecessary, as none of Plaintiff's arguments raise even a plausible suggestion of a conflict of interest.

As Defendants point out, "there is no rule precluding a former law clerk to a judge from representing that judge in a judicial proceeding."  (ECF No. 46, at 4).  A motion to disqualify an attorney in a proceeding is governed by federal common law, which is "deeply informed by the applicable rules of professional conduct."  *Lloyd v. Balt. Police Dep't*, 729 F.Supp.3d 494, 500 (D.Md. 2024).  Under the Maryland Attorneys' Rules of Professional Conduct, a conflict of interest arises when "(1) the representation of one client will be directly adverse to another client," or "(2) there is a significant risk that the representation of one or more clients will be materially limited by the attorney's responsibilities to another client, a former client or a third person or by a personal interest of the attorney."  Md.R.Attorneys,

7

Rule 19-301.7(a); *see also Hernandez v. W.G. Welch Mech. Contractors, LLC*, No. 22-cv-1510-BAH, 2023 WL 2610857, at *2 (D.Md. Mar. 23, 2023).  Plaintiff's allegation is that Ms. Cusson's working relationship with Defendant Battaglia "leaves the appearance of a conflict of interest based on a potential for bias or something worse."[4]  (ECF No. 45, at 2).  Across his seven filings on this issue, Plaintiff has provided no reason why Ms. Cusson's prior working relationship with Defendant Battaglia would impact her representation of Defendant Battaglia in this suit. Critically, it is unclear how Ms. Cusson could be conflicted by her relationship with her own client.  "Common sense dictates that without adverseness, there is generally no violation of [conflict-of-interest rules], and disqualification would be inappropriate." *Lloyd*, 729 F.Supp.3d at 501.  No conflict-of-interest hearing is necessary.  Local Rule 105.6.  The motion will be denied.

## IV.  Conclusion

For the foregoing reasons, Plaintiff's motion for reconsideration will be denied, the motion for discovery will be

---

[4] The "something worse" appears to allude to Plaintiff's allegations of improper political dealings across multiple levels of government, (*see, e.g.*, ECF No. 45, at 2-4), none of which are supported by any actual facts.

denied as moot, and the motion for a conflict-of-interest hearing will be denied.  A separate order will follow.


                                        _____/s/_____
                                        DEBORAH K. CHASANOW
                                        United States District Judge